FILED'10 JUN 2 17:17 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CHARLA KAY ROMANS,                          09-CV-606-BR

       Plaintiff,

                            OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


DAVID B. LOWRY
9900 S.W. Greenburg Road
Columbia Business Center, Suite 130
Porltand, Oregon 97223
(503) 245-6309

       Attorney for Plaintiff


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**STEPHANIE R. MARTZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2272

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Charla Kay Romans seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Romans's protective application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act respectively.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

        Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.


2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Romans filed an application for DIB on June 28, 2002. Tr. 651-53.[1]  Her application was denied initially and on reconsideration.  Tr. 608-09.  An Administrative Law Judge (ALJ) held hearings on March 23, 2005, and on August 17, 2005. Tr. 1492-1521, 1708-39.  The ALJ issued an opinion on September 28, 2005, and found Romans was not disabled and, therefore, was not entitled to benefits.  Tr. 1549-58.

After the Appeals Council denied review, Romans appealed to this Court.  This Court remanded the matter to the Commissioner for further consideration on October 13, 2007.  Tr. 1559-77, 1581-84.  In its Opinion and Order, however, the Court affirmed several aspects of the ALJ's decision  and reached, *inter alia*, the following conclusions:  (1) the ALJ properly discredited Romans's subjective symptom testimony and her testimony that she is incapable of working a full-time job; (2) the ALJ properly concluded Romans did not provide objective medical evidence of functional limitations of her hands, left shoulder, feet, knees, heart, or lungs; (3) the ALJ properly found the record did not include any objective medical evidence to support Romans's claim of ongoing Chronic Fatigue Syndrome or Irritable Bowel Syndrome; (4)  the ALJ properly concluded that, although severe, Romans's

_____

[1] Citations to the official transcript of record filed by the Commissioner on September 22, 2009, are referred to as "Tr."

migraine headaches, right rotator cuff tear, and fibromyalgia are
not disabling within the meaning of the Social Security Act; and
(5) the ALJ properly rejected the opinion of Mary Pickett, M.D.,
one of Romans's treating physicians.  Tr. 1559-77.

On December 14, 2005, while the prior application was still
pending before the Appeals Council, Romans protectively filed
again for DIB and SSI.  Tr. 1580, 1609.  Her applications again
were denied initially and on reconsideration.  Tr. 1999, 2006.
In its Order of January 10, 2008, the Appeals Council directed
the ALJ to associate Romans's two new claims with her outstanding
claims on remand from this Court.  Tr. 1578-80.

On March 5, 2009, the ALJ held a hearing.  Tr. 2011-27.  At
the hearing, Romans and a vocational expert (VE) testified, and
Romans was represented by an attorney.  Tr. 2011-13.  The ALJ
issued an opinion on March 25, 2009,  in which she incorporated
the September 28, 2005, decision by reference.  Tr. 1528.
Ultimately the ALJ found Romans is not disabled and, therefore,
is not entitled to benefits.  Tr. 1525-37.

"When a case is remanded by a Federal court for further
consideration, the decision of the administrative law judge will
become the final decision of the Commissioner . . . unless the
Appeals Council assumes jurisdiction of the case."  20 C.F.R.
§ 416.1484(a).  The Appeals Council has not done so, and,
therefore, the Court now has jurisdiction to review the

Commissioner's final decision.

## BACKGROUND

Romans was sixty years old at the time of the last hearing before the ALJ.  Tr. 2014.  She completed her education through the twelfth grade.  Tr. 1620.  Romans has performed past work as an in-home care provider, a fast-food worker, a retail demonstrator, and a retail sales associate.  Tr. 1615.  Romans alleges a disability onset date of September 29, 2005.  Tr. 1608, 1614.

Romans has been diagnosed, *inter alia*, with frequent migraine headaches, Chronic Fatigue Syndrome (CFS), fibromyalgia, torn rotator cuff, arthritis, irritable bowel syndrome (IBS), asthma, and hypertension.  Tr. 1102-06, 1118, 1121-23, 1237, 1304.  Plaintiff alleges disability due to CFS, migraines, fibromyalgia, IBS, left and right-shoulder impairments, and depression.  Tr. 1614.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*

466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a

finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See
also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden
shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The
Commissioner may satisfy this burden through the testimony of a
VE or by reference to the Medical-Vocational Guidelines set forth
in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.
If the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## ALJ'S FINDINGS

At Step One, the ALJ found Romans has engaged in substantial
gainful activity since her alleged onset date of March 9, 2002.
Tr. 1529.  The ALJ, however, deemed Romans "not to have performed
SGA so that this decision may proceed to the remainder of the
sequential evaluation process."  Tr. 1529.

9 - OPINION AND ORDER

At Step Two, the ALJ found Romans has the severe impairments of "history of torn rotator cuff of the right shoulder; possible fibromyalgia; past history of chronic fatigue syndrome (CFS); asthma; [and] rebound headache."  Tr. 1529.

At Step Three, the ALJ found Romans "remains able to perform a reduced range of light work, including all restrictions appropriately attributed to her shoulder impairment."  Tr. 1530. Specifically, the ALJ found Romans has the RFC

> to perform light work as defined in 20 C.F.R.
> 404.1567(b) and 416.967(b), in which she
> lifts 20 pounds occasionally and 10 pounds
> frequently; frequently climbs ramps and
> stairs, stoops, kneels, crouches, and crawls;
> never climbs ladders, ropes or scaffolds due
> to shoulder pain; occasionally balances;
> avoids all hazards such as unprotected
> heights and moving equipment (due to narcotic
> usage); never works above shoulder height;
> and performs no lifting of 10 pounds or more
> with the arms outstretched, unless both arms
> can be used for the task.

Tr. 1530.

At Step Four, the ALJ concluded Romans performed past relevant work as a demonstration clerk, demonstrator, retail sales clerk, fast-food worker, fast-food cook, and caregiver. Tr. 1535.  The ALJ concluded Romans is capable of performing past relevant work as a demonstrator, fast-food worker, and retail sales clerk.  Tr. 1536.  Accordingly, the ALJ found Romans is not disabled and, therefore, is not entitled to benefits.  Tr. 1536-37.  Thus, the ALJ did not proceed to Step Five.

## DISCUSSION

Romans does not challenge the ALJ's decision with respect to the remand of her outstanding June 28, 2002, claim for DIB.  In accordance with the Order of Remand from this Court, the ALJ included limitations from Romans's shoulder impairments in her assessment of Romans's RFC.  Tr. 1530.  The Court, therefore, considers Romans's challenges to the ALJ's denial of her protective application for DIB and SSI filed on December 15, 2005.

Romans contends the ALJ erred by (1) failing to provide legally sufficient reasons for discrediting the opinions of Romans's treating physicians Joseph Lutt, M.D., Daniel Harris, M.D., and Mary Pickett, M.D.; (2) failing to follow SSR 96-8p when formulating Romans's RFC; and (3) concluding Romans is not disabled at Step Four because she is able to perform her past relevant work.

## I.   ALJ's Reasons for Discrediting the Opinions of Drs. Lutt, Harris, and Pickett.

Romans contends the ALJ did not give legally sufficient reasons for discrediting the opinions of Drs. Lutt, Harris, and Pickett.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific,

11 - OPINION AND ORDER

legitimate reasons for doing so that are based on substantial evidence in the record." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007)(quoting *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

**A.   Dr. Lutt's Opinion.**

Dr. Lutt, a rheumatologist, examined Romans on April 14, 2008, on referral by Denise Taylor, M.D., one of Romans's treating physicians.  Tr. 1935-40.  Dr. Lutt assessed Romans's complaints of joint pain, particularly in her hands and

shoulders.  Tr. 1935.  Dr. Lutt's review of Romans's systems was
"diffusely positive."  Tr. 1936.  He found Romans was not
experiencing acute distress, and he described his review of her
musculoskeletal system as "unremarkable."  Tr. 1936.  For
example, Dr. Lutt found minimal evidence of osteoarthritis of the
hands.  Tr. 1936.  Dr. Lutt, however, found Romans had trigger-
point tenderness "in all four quad[rant]s" and diagnosed her with
fibromyalgia and chronic fatigue syndrome.  Tr. 1936.  Dr. Lutt,
however, did not provide any assessment of the specific limiting
effects of Romans's impairments.

### 1.   ALJ's Decision.

The ALJ emphasized Dr. Lutt's "diffusely positive"
assessment of Romans, including the noted lack of findings with
respect to Romans's complaints of joint pain in her hands and
shoulders.  Tr. 1532.  The ALJ, however, concluded on the basis
of this record that Romans's complaints of fibromyalgia are not
substantiated and noted Dr. Lutt diagnosed Romans on the basis of
diffuse pain in all four quadrants rather than testing for each
of the pain trigger points indicative of fibromyalgia.  Tr. 1532.
In support of her conclusion, the ALJ pointed to reports by
nonexamining physicians Martin Kerhli, M.D.,[2] and Martin Lahr,
M.D., in which they found "no substantiating findings at the end

---

[2] The ALJ states Dr. Kerhli's report was written in December
2006, but the record reflects Dr. Kerhli signed his report in
October 2006.  Tr. 1531, 1817.

13 - OPINION AND ORDER

of 2006." Tr. 1532. The Court notes even though Dr. Kerhli concluded Romans was capable of light work, he did not question the previous ALJ's finding that Romans suffered from fibromyalgia nor reference a lack of clinical evidence from which to diagnose fibromyalgia. Tr. 1810-17. Dr. Lahr, however, stated in his May 26, 2006, RFC report that Romans is "restricted by subjective pain/fatigue that do not meet the criteria for either CFS or FMS." Tr. 1804. In any event, the ALJ ultimately found Romans's "possible fibromyalgia" was severe at Step Two of the sequential analysis and concluded it contributed to Romans's limited RFC in which she can only perform "light work." Tr. 1529-30.

**2. Analysis.**

Romans contends the ALJ erroneously rejected Dr. Lutt's diagnosis that Romans suffers from fibromyalgia on the basis of nonexamining physicians' 2006 assessments of the medical evidence that occurred Dr. Lutt's 2008 examination.

Generally an examining physician's opinion is entitled to greater weight than that of a nonexamining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Moreover, as Romans contends, the reviews of the medical evidence performed by Drs. Kerhli and Lahr occurred in 2006, nearly two years before Dr. Lutt's examination and, therefore, are not a legitimate basis to discredit Dr. Lutt's opinion that Romans suffers from CFS and fibromyalgia.

14 - OPINION AND ORDER

Moreover, Dr. Lutt's diagnoses are echoed by several of Romans's physicians, including Drs. Harris and Taylor her treating physicians.  Tr. 1850-53, 1944, 1968.  In addition, Dr. Lutt's notes reflect Atulya Deodhar, M.D., also examined Romans and concurred with the findings made by Dr. Lutt. Tr. 1937.  Moreover, the ALJ who assessed Romans's previous claim found the diagnosis of fibromyalgia was supported by the record and constituted a severe impairment, and that determination was upheld by this Court on appeal.  Tr. 1554, 1557, 1559-77.

In the Commissioner's Response, he advances a number of arguments to bolster the ALJ's conclusion that Dr. Lutt's findings are not supported by adequate clinical findings.  The ALJ, however, did not identify any additional evidence in the record to support her conclusion and only asserted generally that the diagnoses of CFS and fibromyalgia were not supported by the "appropriate medical criteria."  Tr. 1532.  The Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."  *See Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation omitted).

Ultimately the ALJ relied only on the opinion of nonexamining physician Dr. Lahr to conclude the clinical findings did not support Dr. Lutt's diagnoses.  Tr. 1531.  As noted, however, Dr. Lahr's assessment of the medical record precedes Dr. Lutt's examination by roughly two years.  Tr. 1804, 1935,

15 - OPINION AND ORDER

1940.  In addition, Dr. Lutt's diagnoses were reviewed and confirmed by Dr. Deodhar and are corroborated by Romans's treating physicians.  Thus, Dr. Lutt's conclusions are supported by substantial evidence in the record.

The Court, therefore, concludes on this record the ALJ erred when she discredited Dr. Lutt's opinion that Romans suffers from fibromyalgia and CFS without providing legally sufficient reasons for doing so.

### B.  Dr. Harris's Opinion.

Dr. Harris treated Romans numerous times in 2006 and 2007.  Tr. 1842-61, 1968-71, 1973-74.  Dr. Harris diagnosed Romans with recurrent migraine headaches, CFS, fibromyalgia, hypertension, allergic rhinitis, IBS, asthma, and depression.  Tr. 1850, 1852-53.  Dr. Harris opined on three occasions that Romans is unable to work at a full-time job consistently due to her impairments.  Tr. 1848-49, 1852.  On August 8, 2006, after treating Romans for five months, Dr. Harris stated:

> [Romans] is under my care for multiple chronic medical problems including chronic fatigue syndrome, fibromyalgia syndrome, recurrent migraine headaches, irritable bowel syndrome reactive airway disease, allergic rhinitis, and depression.  Due to the nature of these chronic disabling problems Ms. Romans has significant limitations to her ability to work.  She should not work more than 15-18 hours a week and not more than 5 hours a day on any regular basis.  Should she have to work more than 5 hours in one day, she should not work the following day.

Tr. 1849. Dr. Harris noted on several occasions that when Romans had to work more than 18 hours in a week, her fatigue became significantly disabling, she was unable to maintain her usual activities of daily living, and at times she required multiple 24-hour periods of rest or more to recuperate. Tr. 1845, 1849, 1853, 1968-69, 1971. As part of the evidence he considered, Dr. Harris noted he reviewed a letter from Romans's employer who stated his opinion that Romans was incapable of maintaining full-time employment. Tr. 1533.

### 1.   ALJ's Decision.

The ALJ discredits Dr. Harris's opinion on the ground that "in a concurrent treatment note . . . the claimant had told [Dr. Harris] that she needed a work-restriction in order to keep receiving food stamps and housing." Tr. 1533. Thus, the ALJ concluded Dr. Harris was acting as Romans's advocate rather than as an objective physician. The ALJ contends Romans's work restrictions as stated by Dr. Harris must be viewed in light of Romans's testimony that she limited her hours by agreement with her employer to ensure her continued eligibility for benefits. Tr. 1533.

The ALJ also discredits Dr. Harris's opinion on the ground that there are "questions raised in the record about the source or even existence" of impairments such as CFS, fibromyalgia, and migraine headaches. Tr. 1533. The ALJ,

however, does not point to any specific evidence in the record
that undermines Dr. Harris's diagnoses.

### 2. Analysis.

The Court's review of the record reveals the only
medical evidence that appears to contradict Dr. Harris's opinion
is that of the two nonexamining physicians, Drs. Lahr and Kerhli,
who opine Romans is capable of medium- and light-exertion work
respectively.  Tr. 1804, 1817.  "[A] treating physician's opinion
must be given controlling weight if it is well-supported and not
inconsistent with the other substantial evidence in the record."
*Lingenfelter*, 504 F.3d at 1038 n.10.  "When a nontreating
physician's opinion contradicts that of the treating
physician-but is not based on independent clinical findings, or
rests on clinical findings also considered by the treating
physician-the opinion of the treating physician may be rejected
only if the ALJ gives 'specific, legitimate reasons for doing so
that are based on substantial evidence in the record.'"  *Morgan*
169 F.3d at 600 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1041
(9th Cir. 1995)).  The Court also notes Dr. Harris's long-
standing relationship with Romans as her treating physicians
makes him "especially qualified to evaluate reports from
examining doctors, to integrate the medical information they
provide, and to form an overall conclusion as to functional
capacities and limitations, as well as to prescribe or approve

the overall course of treatment." *Id.* at 833.  The ALJ must "give weight not only to the treating physician's clinical findings and interpretation of test results, but also to [their] subjective judgments." *Id.* at 832-33.

Here the opinions of Drs. Lahr and Kerhli cannot constitute "substantial evidence" because they are nonexamining physicians, the record does not contain any other medical evidence to support a finding that Romans is capable of working on a regular and continuing basis, and it is not clear from the record that either physician actually reviewed Dr. Harris's treatment notes.  Dr. Harris treated Romans only three times before Dr. Lahr issued his findings in May 2006.  Tr. 1804, 1855-60.  At that point, Dr. Harris had not yet stated his determination that Romans was disabled.  Moreover, in the section of the RFC report that requires an explanation of treating sources that contradict the nonexamining physician's findings, Dr. Kerhli did not discuss Dr. Harris's findings.  Thus, neither Dr. Lahr or Dr. Kerhli addressed Dr. Harris's repeated finding that Romans cannot sustain regular employment.

As the ALJ noted, Dr. Harris's treatment notes from August 2, 2006, reflect Romans needed "letters for food stamps and for housing, describing her limitations to 15-18 hours of work per week, and maximum 5 hours per day."  Tr. 1848.  As noted, the ALJ suggests this statement undermines Dr. Harris's

opinions because he was "acting as an advocate" for Romans.
Tr. 1533.  The fact that Romans needed documentation to support
her receipt of public benefits and sought that documentation from
her treating physician does not discredit Dr. Harris's medical
opinion.  The Court notes Dr. Harris treated Romans for nearly
two years and did not raise concerns about her honesty.  Without
more, the Court will not presume Dr. Harris lied to permit Romans
to obtain such benefits unlawfully.  "The Secretary may not
assume that doctors routinely lie in order to help their patients
collect disability benefits."  *Lester*, 81 F.3d at 832 (quoting
*Ratto v. Sec'y*, 839 F. Supp 1415, 1426 (D. Or. 1993)).

        Significantly, Dr. Harris notes Romans has had a "long-
standing [work] restriction, initially written by Dr. William
Hirsch at OHSU in 1997."  Tr. 1848.  William Hersh, M.D., treated
Romans for more than four years and originally limited Romans in
December 1997 to 15 hours of work per week and no more than 5 1/2
hours a day unless she is allowed to rest the following day based
on her CFS.  Tr. 1148.  In addition, Dr. Pickett, who treated
Romans in 2002 and 2003, limited Romans to no more than 5 hours
of work per day and no more than 18 hours per week based on her
chronic migraine headaches and CFS.  Tr. 1098-1100.  Although
these records are outside of the period of alleged disability,
the Court notes they provide context for Romans's ongoing health
issues and lend additional credence to Dr. Harris's conclusions.

Finally, Dr. Harris's diagnoses of CFS, fibromyalgia, and migraine headaches are supported by Dr. Lutt and Dr. Taylor. Tr. 1935-38, 1944, 1965. Moreover, even Dr. Kerhli found the record supported diagnoses of fibromyalgia, CFS, and migraines. Tr. 1817.

On this record, the Court concludes the ALJ erred when she failed to provide specific, legitimate reasons for discrediting the opinion of Dr. Harris.

### C.   Dr. Pickett's Opinion.

Romans also challenges the ALJ's determination that Dr. Pickett's opinion did not warrant consideration because it was discredited in the ALJ's September 28, 2005, decision, and that portion of the ALJ's decision was upheld by this Court. Indeed, this Court upheld the ALJ's determination that Dr. Pickett's opinion was entitled to "little weight." Tr. 1528, 1556, 1567-70.

The Commissioner contends the ALJ properly did not consider Dr. Pickett's opinion and the "law of the case" doctrine prevents this Court from considering Dr. Pickett's opinion.   "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *U.S. v. Smith*, 389 F.3d 944, 948-49 (9th Cir. 2004)(quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988)).   The law of the case doctrine,

21 - OPINION AND ORDER

however, is not a command, and the Court has discretion to apply it.  *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).  *See also Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir. 1997).  In particular, the Court may decline to apply the doctrine when "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice."  *Moore v. James H. Matthews & Co.* 682 F.2d 830, 833 (9th Cir. 1982).

Here the medical record under review has been supplemented substantially since the ALJ's decision on September 28, 2005. Because the record does not contain any records from Dr. Pickett since Romans's alleged onset date of September 29, 2005, the Court gives little weight to Dr. Pickett's opinions. Nevertheless, the Court declines to apply the law of the case with respect to Dr. Pickett's opinions because the medical records provided by Romans since September 29, 2005, provide a new context in which to view Dr. Pickett's opinions, which are corroborated either wholly or in part by the opinions of Drs. Lutt, Taylor, and Harris.  The Court, therefore, limits its consideration of Dr. Pickett's opinions to the context of Romans's overall picture of health.

In summary, the Court finds the ALJ has not identified any

medical evidence in the record that contradicts the opinions of treating physician Dr. Harris or examining physician Dr. Lutt other than the opinions of nonexamining physicians.  In addition, there is substantial medical evidence in the record that supports the opinions of Drs. Harris and Lutt.  Moreover, the ALJ's bases for discrediting the opinions of Drs. Harris and Lutt as to Romans's impairments and functional limitations are not supported by the record.

The Court concludes the ALJ erred when she gave less weight to the opinions of Drs. Harris and Lutt than to those of two nonexamining physicians without providing legally sufficient reasons supported by substantial evidence in the record for doing so.

## REMAND

Having found the ALJ erred when she improperly discredited the opinions of Drs. Lutt and Harris, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

23 - OPINION AND ORDER

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for discrediting the opinions of Drs. Lutt and Harris, the Court credits those opinions as true. *See Benecke v. Barnhart* 379 F.3d 587, 594 (9th Cir. 2004)(when "the ALJ fail[s] to provide legally sufficient reasons for rejecting . . . [a] physician['s] opinion[]," the court credits that opinion as true). *See also Lester*, 81 F.3d at 834 (improperly-rejected physician opinion is credited as a matter of law). When credited, the medical opinions establish Romans suffers from chronic fatigue, pain, and headaches that leave her unable to work on a regular and

24 - OPINION AND ORDER

continuing basis, "8 hours a day, for 5 days a week, or an equivalent schedule." *See* SSR 96-8p, at *1. *See also* Tr. 1845, 1849, 1853, 1968-69, 1971. The medical evidence also establishes Romans would require a day off to recuperate from pain and fatigue if she had to work more than 5 hours in a day.

At the hearing before the ALJ, the VE testified a person who missed even two days of work per month due to pain or fatigue would not be able to sustain employment. Tr. 2027.

On this record, the Court concludes Romans cannot sustain work-related physical activities on a regular and continuing basis and, therefore, is disabled and entitled to benefits. Thus, the Court finds additional proceedings would be futile.

### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 2nd day of June, 2010.

ANNA J. BROWN
United States District

25 - OPINION AND ORDER